UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

10 MAPLE ASSOCIATES, LLC,                                 No. 11-13639

                                    Debtor(s).
_____/

10 MAPLE ASSOCIATES, LLC,

                                   Plaintiff(s),

           v.                                                 A.P. No. 11-1283

WESTAMERICA BANK,

                                   Defendant(s).
_____/

Memorandum on Motion for Partial Summary Judgment
_____

        Plaintiff in this adversary proceeding is Chapter 11 debtor in possession 10 Maple Associates, LLC ("10 Maple"). It alleges that its real property in Sonoma, California, is encumbered by several liens in favor Sonoma Valley Bank. 10 Maple asserts that these liens were improperly placed on the property by its former managing member with the knowledge and cooperation of Sonoma Valley Bank. The primary purpose of this adversary proceeding is to remove these liens from the property.

        The complicating wrinkle in this case is that Sonoma Valley Bank failed. The defendant in this

1

adversary proceeding is Westamerica Bank, which acquired the assets of Sonoma Valley Bank from the FDIC. Westamerica has filed a motion seeking summary judgment as to various causes of action in the complaint. Since the motion is not for complete summary judgment, it is within the court's discretion to decide some, all or none of the issues raised. 28 **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:572. The court here elects to adjudicate the motion as it relates to the third through the sixth claims.[1]

The third and fourth claims seek to expunge the liens placed on the properly improperly by the former managing partner. The issue raised by Westamerica's motion is whether these claims can be asserted against a successor bank. In essence, Westamerica argues that when an innocent party's properly is wrongfully encumbered by a bank which thereafter fails the innocent party loses the right to clear its title in an action against a successor bank. The court has difficulty with this argument.[2]

Westamerica's reliance on 12 U.S.C. § 1823(e) and *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447 (1942), seems clearly misplaced. Those authorities only makes secret side-agreements unenforceable as to the FDIC. 10 Maple does not seek to enforce any such agreement; it only seeks to show that Sonoma Valley Bank knew that its former managing partner lacked the authority to encumber its real property. Westamerica argues that § 1823(e) and *D'Oench, Duhme* "bar all claims which seek to reduce the value of assets taken over by the FDIC, or its successors, from a failed bank." This statement of the law is, in a word, wrong. If it were correct, an elderly widow whose signatures on a note and deed of trust were forged would be barred from saving her home if the note was acquired by a successor to a failed bank. That is not the law.

---

[1] Westamerica originally asserted a jurisdictional argument which it has dropped. The court therefore only addresses the substantive issues raised by Westamerica as to each claim.

[2] Westamerica's motion is based solely on the law, not the truth of 10 Maple's allegations. Accordingly, the court takes the factual allegations as true for purposes of resolving the motion. The court does not intend to prejudice future summary judgment motions which advance factual, as opposed to purely legal, arguments.

2

Westamerica argues that the fifth claim, for an intentional tort, must fail because a successor bank is not liable for the torts of a failed bank unless liability is assumed. *Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009). Westamerica has produced its agreement with the FDIC, which contains no such assumption. Asserting rights under an assigned claim does not make Westamerica liable for any tort of Sonoma Valley Bank. Accordingly, the fifth claim must fail.[3]

The sixth claim merely alleges that a lien acquired by Westamerica is unperfected and therefore not enforceable against a bona fide purchaser for value without notice. Section 544(a)(3) gives a trustee or Chapter 11 debtor in possession the rights of such a bona fide purchaser. Westamerica is simply wrong in asserting that this right is lost if the unperfected lien is acquired from a failed bank via the FDIC.

For the foregoing reasons, the motion shall be granted as to the fifth claim and denied as to the third, fourth and six claims. Counsel for Westamerica shall submit a form of order which counsel for 10 Maple has approved as to form.

Dated: April 1, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3] 10 Maple has somewhat ambiguously punted on claim 5; the court is not sure what the language "to the extent" means in its "partial dismissal." The court grants the motion as to this claim in order to remove any ambiguity.

3